UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Wynell Harris,<br><br>                Plaintiff,<br><br>v.<br><br>Cavalry Portfolio Services, LLC; Trans Union LLC.; and Experian Services Corp.,<br><br>                Defendants. | Civil Action No.: _____<br><br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT & JURY DEMAND**

For this Complaint, Plaintiff, Wynell Harris, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA").

2. Jurisdiction is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Plaintiff resides in this District, Defendants transact business here, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff Wynell Harris ("Plaintiff") is an adult individual residing in Bloomfield Hills, Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

5. Defendant Cavalry Portfolio Services, LLC ("Cavalry") is a New York business entity with a principal place of business located in Valhalla, New York. Cavalry is a debt buyer who furnishes consumer information to the Credit Reporting Agencies ("CRAs").

6. Defendant Trans Union LLC ("Trans Union") is an Illinois business entity with a principal place of business located in Chicago, Illinois. Trans Union is a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f). Trans Union is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

7. Defendant Experian Services Corp. ("Experian" or collectively with Cavalry and Trans Union, the "Defendants") is an Ohio corporation with an address of 475 Anton Blvd., Costa Mesa, California 92626, operating as a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) of the FCRA. Experian is regularly engaged in the business of assembling, evaluating,

and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## FACTUAL ALLEGATIONS

8. At one time, Plaintiff was an authorized user on a Citibank account owed by another individual.

9. Since Plaintiff was only an authorized user, at no time was she personally responsible for the debt incurred.

10. In 2017, Plaintiff discovered that the account was being negatively reported on her credit reports as individually owed by her.

11. On or about May 30, 2017, Plaintiff sent dispute letters to Trans Union and Experian. Plaintiff's letters explained that she was only an authorized user on the account and not the individual account holder, and therefore requested deletion of the account from her credit reports.

12. Nevertheless, to date Trans Union and Experian continue to report the debt as past due and owed by Plaintiff.

13. Upon Plaintiff's notification that the Debt was disputed and request that it be corrected, and in accordance with their standard procedures, Plaintiff believes and thereon alleges that Trans Union and Experian did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any

attempt to substantially or reasonably verify Cavalry's representations regarding the account.

14. In the alternative, in the event that Trans Union and Experian did forward notice of the dispute to Cavalry, Cavalry failed to conduct an adequate investigation into Plaintiff's dispute and failed to properly update Plaintiff's credit reports..

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et seq*. by DEFENDANTS

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

   a. Trans Union and Experian violated 15 U.S.C. § 1681e(b) by failing to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish in consumer credit reports.

   b. Trans Union and Experian violated 15 U.S.C. § 1681i by failing to delete or correct inaccurate information in Plaintiff's credit file after having received actual notice of such inaccuracies; by

    failing to conduct lawful reinvestigation; by failing to forward all relevant information to Cavalry; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

  c. Cavalry violated 15 U.S.C. § 1681s-2(b) by willfully and/or negligently failing to conduct an investigation with respect to the disputed information; by failing to review all relevant information provided by the consumer reporting agencies pursuant to section 1681i; and by failing to modify, delete or permanently block the disputed information.

  17. Defendants' conduct, action, and inaction was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendants' conduct was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

  18. As a result of Defendants' conduct, action, and inaction, Plaintiff incurred actual damages in the form of loss of the ability to purchase and benefit from credit.

19. Plaintiff is entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages pursuant to 15 U.S.C. § 1681;

2. Attorney's fees and costs pursuant to 15 U.S.C. § 1681;

3. Actual damages pursuant to 15 U.S.C. § 1681;

4. Punitive damages pursuant to 15 U.S.C. § 1681; and

5. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 2, 2017

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Wynell Harris
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237
Email: slemberg@lemberglaw.com